UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE RENE SCOTT,<br><br>    Petitioner,<br><br>    v.<br><br>STU SHERMAN,<br><br>    Respondent. | No. 2:17-CV-02444<br><br><br><br>FINDINGS AND RECOMMENDATIONS; ORDER |

On November 20, 2017 petitioner, Andre Rene Scott, filed a pleading titled "Notice of Motion and Motion to Vacate Judgment, ECF No. 10 at, in which he denoted himself to be the "Petitioner/Movant." He also filed a Motion to Disqualify [the Magistrate Judge], ECF No. 8, an "Opposition," ECF No. 6 to the Order filed at ECF No. 3. For all the reasons given herein, the Motion to Vacate Judgment is vacated as duplicative of ECF No. 1, the Motion to Disqualify is denied, and Findings and Recommendations are issued to dismiss this case as being a successive petition.

*The Motion to Vacate Judgment, ECF No. 10*

Petitioner filed his initial Petition for Writ of Habeas Corpus on November 20, 2017. ECF No. 1. The stated basis for jurisdiction of this court was 28 U.S.C. 2254. As a result of the apparent confusion of petitioner in his first filing, on December 4, 2017 this court issued an Order that dismissed the complaint and directed the Clerk of the Court to provide him with this court's

1

form habeas corpus petition to assist him. ECF No. 3. Petitioner was also directed to submit an application to proceed in forma pauperis or pay the required filing fee to proceed in the court and allowed him 45 days to complete and return the documents. Id.

Petitioner did none of the things prescribed by the Order. More will be said about the initial Petition, and petitioner's refusal to amend, but suffice it to say in this section that the Motion to Vacate Judgment complains of the same conviction and alleged flaws therein that are referenced in the initial Petition. As such, it is ordered vacated as duplicative.

*Motion to Disqualify*

Petitioner brings his Motion to Disqualify based on 28 U.S.C. section 455(a) because he is sure that the undersigned Magistrate Judge is biased based on the fact that the Magistrate Judge is still issuing orders in his case after petitioner refused to consent to his jurisdiction. Petitioner is confused about the jurisdiction of the Magistrate Judge.

Even without consent of the parties to have a magistrate judge act as the final presider in the case, the statutes and local rules of this court task a magistrate judge with ruling on non-dispositive motions by order, and dispositive motions by findings and recommendations. Title 28 U.S.C. section 636 (b)(1) and (3) permit a district court to designate magistrate judges to preside in such cases as noted above, and Eastern District Local Rule 302 (c)(17) requires magistrate judges to do so, i.e., to preside over "[a]ctions brought by a person in custody who is seeking habeas corpus relief (28 U.S.C. § 2241 et seq.) . . ."

Title 28 U.S. 636 (c) also permits the parties to consent to the magistrate judge to be the final presider, but this section in no way precludes application of subsection (b) if the parties do not consent.

Accordingly, the Motion to Disqualify is denied as being based on an erroneous interpretation of the law. In any event, petitioner cannot move to disqualify based on his objection to the legal rulings in a case. Liteky v. United States, 510 U.S. 540, 555 (1994); Leslie v. Grupo ICA, 198 F.3d 1152, 1159-60 (9th Cir. 1999).

*Findings and Recommendations to Dismiss the Case*

As set forth previously, petitioner was ordered to file an amended petition utilizing the

court's form so that there would be no confusion as to what claims petitioner was bringing, whether they were exhausted, or whether the claims were successive petitions. Petitioner has refused to do so.

However, it is not necessary to recommend dismissal of the petition for failure to obey a court order because it is apparent, as even petitioner recognizes, ECF No. 8 at electronic page 2, that the instant petition is successive. In fact, the court's records reflect one prior habeas action was filed by petitioner – Scott v. Swarthout, 2:10-cv-00824-JAM-CKD, which was dismissed as barred by the statute of limitations on September 26, 2012. ECF No. 46. Petitioner appealed the judgment entered on the same day, ECF No. 48, on October 3, 2012, ECF No. 49, and the Ninth Circuit Court of Appeals denied the appeal on September 5, 2013, ECF No. 52.

This court is without jurisdiction to proceed with this action under 28 U.S.C. section 2244 which dictates that "[a] claim presented in a second or successive habeas corpus application under 2254 that was presented in a prior application shall be dismissed," 28 U.S.C. 2244(b)(1), unless the applicant has received permission to proceed from the court of appeals. Id. at (b)(2). Petitioner has not received such permission.

Nor does it matter that petitioner is now attempting to avoid the strictures of a successive petition by filing a "Motion to Vacate the Judgment," ECF No. 10. In Preiser v. Rodriguez, 411 U.S. 475, 503 (1973), the United States Supreme Court held that for release from physical confinement on constitutional grounds, habeas corpus is now considered the prisoner's exclusive remedy. This very attempt to avoid that preclusion by recharacterizing that which is clearly a habeas petition as a motion to vacate his state court judgment, is an attempt that is not permitted under the exclusivity doctrine identified in Preiser v. Rodriguez, supra. See also e.g., Nettles v. Grounds, 830 F.3d 922, 927-928 (9th Cir. 2016)(neither may a prisoner seek to avoid the exclusivity and strictures of habeas by attempting to plead a section 1983 claim in the alternative).

Accordingly, the petition in this case should be dismissed as successive.

////

////

*Conclusion*

In light of the foregoing, IT IS HEREBY ORDERED

1. The Motion to Vacate, ECF No. 10 is vacated as duplicative;
2. Plaintiff's Motion for Recusal is DENIED;
3. The Clerk of the Court shall randomly assign this matter to a district court judge.

IT IS HEREBY RECOMMENDED that:

1. The petition, ECF No. 1 be dismissed as a successive petition;
2. No Certificate of Appealability should issue.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. The petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 7, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE